UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

ANTHONY YOUNG JR.                                    CIVIL ACTION

VERSUS

JAMES LEBLANC, ET AL.                                NO: 19-CV-00146-BAJ-RLB

## RULING AND ORDER

Before the Court is Anthony Young, Jr.'s ("Plaintiff") **Motion for Preliminary Injunction (Doc. 3)**. James M. Leblanc, in his capacity as Secretary of the Louisiana Department of Public Safety and Correction ("DOC"), Malcom Myer, Sheryl Ranatza, Darrel Vannoy, Nyesha Davis, and Ann Cavalier ("Defendants") filed a **Response to Court's Memorandum Order (Rec. Doc. 4) (Doc. 6)**. The Court has jurisdiction in this matter pursuant to 28 U.S.C. § 1331. Oral argument is not required. For the reasons stated below, Plaintiff's motion is **DENIED**.

I.  FACTUAL HISTORY AND ARGUMENTS

Plaintiff is an inmate at Louisiana State Penitentiary currently serving 134 years at hard labor. (Doc. 6 at p. 1). Plaintiff was convicted of two separate offenses, attempted armed robbery committed in 1994 for which he received a sentence of 99 years, and attempted second degree murder committed in 2002 for which he received a sentence of 35 years consecutive to the attempted armed robbery sentence. (*Id.* at pp. 1-2). Plaintiff's motion is rambling and difficult to follow, but the Court gleans that Plaintiff believes he is being unlawfully denied eligibility for geriatric parole

1

under La. Rev. Stat. Ann. § 15:574.4(A)(2), which requires Plaintiff to serve 20 years and reach the agree of 45 to become eligible for parole. (Doc. 3). Plaintiff bases the entirety of his argument on the applicability of La. Rev. Stat. Ann. § 15:574.4(A)(2) to his armed robbery sentence, and does not address how the sentence received for attempted second degree murder applies to the calculation of parole eligibility dates. Plaintiff requests an injunction mandating that Defendants recalculate his parole eligibility date in accordance with what he believes is mandated by La. Rev. Stat. Ann. § 15:574.4(A)(2) based on his attempted armed robbery conviction, and to reflect that date in his master prison record. (*Id.*). Plaintiff does not explain why he does not address the attempted second degree murder conviction.

Defendants argue that in addition to the attempted robbery conviction, Plaintiff was also convicted and sentenced to 35 years imprisonment for attempted second degree murder and is considered a violent offender who committed a crime on or after January 1, 1997, therefore requiring him to serve 85% of the 35 year sentence before being eligible for parole on June 4, 2032.

## II. LEGAL STANDARD

It "would be inequitable" to hold *pro se* litigants to strict procedural standards and thereby punish such litigants "for lacking the linguistic and analytical skills of a trained lawyer." *Perez*, 312 F.3d at 194. Nonetheless, courts "still require *pro se* parties to fundamentally 'abide by the rules that govern the federal courts.'" *E.E.O.C. v. Simbaki, Ltd.*, 767 F.3d 475, 484 (5th Cir.2014) (citing *Frazier v. Wells Fargo Bank, N.A.*, 541 Fed.Appx. 419, 421 (5th Cir.2013)). Thus, courts have held, for example,

that "[p]ro se litigants must properly plead sufficient facts that, when liberally construed, state a plausible claim to relief, ... and brief arguments on appeal." *In re Emergency Room Mobile Servs., L.L.C.*, 529 B.R. 676, 683 (N.D. Tex. 2015).

"A preliminary injunction is an extraordinary and drastic remedy; it is never awarded as of right." *Munaf v. Geren*, 553 U.S. 674, 689-90 (2008) (internal citations and quotations omitted). See also *Allied Mktg. Grp., Inc. v. CDL Mktg., Inc.*, 878 F.2d 806, 809 (5th Cir. 1989) (preliminary injunctive relief "is an extraordinary remedy and should be granted only if the movant has clearly carried the burden of persuasion with respect to all four factors"); *Mississippi Power & Light Co. v. United Gas Pipe Line Co.*, 760 F.2d 618, 621 (5th Cir. 1985) ("[t]he decision to grant a request for preliminary injunction is to be treated as the exception rather than the rule"). The decision whether to grant or deny a request for a preliminary injunction is within the sound discretion of the Court. *See Allied Mlttg. Grp., Inc.*, 878 F.2d at 809.

At all times, the burden of persuasion remains with Plaintiff as to each of the four elements. Specifically, a Plaintiff must establish: (1) a substantial likelihood of prevailing on the merits; (2) a substantial threat of irreparable injury if the injunction is not granted; (3) the threatened injury outweighs any harm that will result to the non-movant if the injunction is granted; and (4) the injunction will not disserve the public interest. *See Ridgely v. Fed. Emergency Mgmt. Agency*, 512 F.3d 727, 734 (5th Cir. 2008). If a plaintiff fails to meet his burden regarding any of the necessary elements, the Court need not address the other elements necessary for granting a preliminary injunction. *See Roho, Inc. v. Marquis*, 902 F.2d 356, 261 (5th Cir. 1990)

3

(declining to address the remaining elements necessary to obtain a preliminary injunction after finding that the plaintiff failed to show a substantial likelihood of success on the merits).

## III. DISCUSSION

Plaintiff has not demonstrated a likelihood of success on the merits of his claim. Plaintiff has two active convictions, one for armed robbery, and one for attempted second degree murder. Plaintiff's motion only references the armed robbery conviction, and does not address the second degree murder conviction. The more serious second degree murder conviction, however, renders Plaintiff's arguments meritless. La. Rev. Stat. Ann. § 15:574.4 was amended in 1995 to require any person convicted of a violent crime after January 1, 1997 to serve 85% of the sentence imposed before becoming eligible for parole, "notwithstanding any other provision of law to the contrary." (Doc. 6-3 at p. 2). Therefore, an offender found to have committed any violent offense committed after January 1, 1997 is deemed ineligible for parole under La. Rev. Stat. Ann. § 15:574.4 until 85% of the sentence has been served.

Plaintiff was sentenced for second degree attempted murder in 2002. The sentencing court chose to have Plaintiff's 35 year sentence run consecutively with his previous 99 year sentence (Doc 6-1 at p. 8), thereby rendering Plaintiff unable to take advantage of "overlapping" sentences pursuant to La. Code Crim. Proc. Ann. art.

4

880(E).[1] Accordingly, Plaintiff must serve 85% of his 35 year sentence before being eligible for parole, which is reflected by the parole eligibility date of June 4, 2032 on Plaintiff's master prison record. (Doc. 6-1 at p. 1). Because Plaintiff has not established a likelihood of success on the merits of his claim, the Court declines to address the remainder of the *Ridgely* factors. Plaintiff's motion is **DENIED**.

IV. **CONCLUSION**

Accordingly,

**IT IS ORDERED** that Plaintiff's **Motion for Preliminary Injunction (Doc. 3)** is **DENIED**.

Baton Rouge, Louisiana, this 20th day of May, 2019.

JUDGE BRIAN A. JACKSON
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

---

[1] A defendant shall not receive overlapping jail credit, except in the instance of concurrent sentences and then only for time spent in jail on the instan

5